FILED
2014 Apr-23  PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DENNIS CORDELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:14-CV-182-VEH** |
| | ) |
| **THE W. W. WILLIAMS** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

_____

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

On December 30, 2013, Dennis Cordell, filed this civil action in the Circuit

Court of Jefferson County, Alabama against the W. W. Williams Company, Inc.

("Williams Company"), the entity which formerly employed him. (Doc. 1-1 at 5). The

only count of the complaint alleges that the defendant terminated Cordell, on account

of his age, in violation of the Alabama Age Discrimination in Employment Act

("AADEA"), Ala. Code § 25-1-20, *et seq.*[1] (Doc. 1-1 at 6-9). The complaint claims

no specific amount of damages.

On January 31, 2014, the defendant removed the case to this court. (Doc. 1).

_____

[1]The complaint refers to Ala. Code. § 25-1-20, *et seq.* as the "Alabama Age
Discrimination Enforcement Act." (Doc. 1-1 at 5).

The case is now before the court on the plaintiff's motion to remand. (Doc. 7). For the reasons stated herein, the motion will be **DENIED**.

## I.    STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted).

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

2

That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal. *Albonetti v. GAF Corporation-Chemical Group,* 520 F. Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F. Supp. 1254, 1255 (D. Iowa 1980); *Fort v. Ralston Purina Company,* 452 F. Supp. 241, 242 (E.D. Tenn.1978).

*Parker v. Brown*, 570 F. Supp. 640, 642 (D.C. Ohio, 1983).

## II.   ANALYSIS

The defendant claims that this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties agree that this case is between citizens of different states,[2] but they disagree over whether the amount in controversy has been satisfied.

### A.   <u>Standard for Proving the Amount of Damages</u>

If, as in this case, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that

---

[2]The defendant, which is a Delaware Corporation with its principal place of business in Ohio (doc. 1 at 2; doc. 1-1 at 5), is a citizen of both Ohio and Delaware. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The plaintiff is a citizen of Alabama. (Doc. 1-1 at 5; doc. 1 at 2).

the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). The Eleventh Circuit has stated:

> We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995); *Allen,* 63 F.3d at 1335; *Gaus v. Miles,* 980 F.2d 564, 567 (9th Cir.1992); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 255 (5th Cir.1961) (stating that removing defendant must make "affirmative showing ... of all the requisite factors of diversity jurisdiction").

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

## B.   The Amount of Back Pay Alone Exceeds the Jurisdictional Minimum of this Court

The plaintiff asks the court to award back pay and other relief.[3] (Doc. 1-1 at 8).

---

[3]Specifically, the complaint asks the court to:

a.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the [d]efendant, its agents, servants[,] and employees are violative of the rights of the [p]laintiff as secured by the [AADEA].

b.   Grant the [p]laintiff a permanent injunction, enjoining the [d]efendant, its employees, servants, agents[,] and successors and those acting in concert

The plaintiff states that at the time of removal he had been unemployed for approximately 26 weeks, and that, while employed by the defendant, his gross average weekly wage was $1,262.49. (Doc. 7 at 5). He then admits that his "lost wages <u>at the time of removal</u> was $32,824.74." (Doc. 7 at 6) (emphasis added).

However, the defendant urges the court to continue the computation of lost back wages up until the potential future trial date.[4] (Doc. 1 at 2-3). At the earliest, the trial of this matter would be on or about January 13, 2015.[5] From the date of removal

---

> with it and at [its] request from continuing to violate the above cited laws.

> c.   Award the [p]laintiff an appropriate amount of lost back pay, compensation, benefits, front pay, liquidated damages, compensatory and punitive damages, costs, expenses of prosecuting this action and attorney's fees.

> d.   Return the [p]laintiff to employment with the [d]efendant in the same or similar position as he occupied with the [d]efendant at the time of his termination, with the same compensation and benefits, or to those he would have been otherwise entitled but for his unlawful termination. In the alternative, award the [p]laintiff an appropriate amount of front pay.

(Doc. 1-1 at 8).

[4] If the case did in fact go to trial, back pay through the date of trial would be the proper measure of the plaintiff's damages. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) ("[I]n an age discrimination suit, a successful plaintiff receives back pay from the date of his or her termination to the date of trial."); *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (same standard under Alabama Act).

[5] On March 10, 2014, based upon the parties' representations in their Rule 26 Report of Parties Planning Meeting, this court entered a scheduling order which sets September 15, 2014, as the dispositive motion deadline. (Doc. 9 at 5). That order also provides:

> This case will be set for a final pretrial conference . . . if no motion for summary judgment is filed, approximately 60 days after the dispositive motions deadline. . .

to the estimated trial date is about 50 weeks. Therefore, through the estimated trial date, $63,124.50 of <u>additional</u> back wages[6] would be added to the amount computed up to the time of removal ($32,824.74), for $95,949.24 in total back wages. That figure easily satisfies the amount in controversy requirement of 28 U.S.C. § 1332.

The plaintiff insists that the standard for removal requires the court to determine back pay due only <u>at the time of removal,</u> and implies that to compute it based upon a possible future trial date would amount to the type speculation prohibited by the Eleventh Circuit in *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007).[7]

---

. The case should be ready for trial approximately 60 days after the pretrial conference date.

(Doc. 9 at 3). Using these time periods, if no motion for summary judgment is filed, the pretrial conference would be set on or about November 14, 2014. Thereafter, the case would be tried on or about January 13, 2015. Of course, if a motion for summary judgment <u>is</u> filed, the trial date would be later.

[6]This figure is computed by multiplying the plaintiff's gross average weekly wage of $1,262.49 by 50 weeks.

[7]Actually the plaintiff, in a footnote, writes:

In addition to the opinion in *Snellgrove*, this court has rendered several remand decisions based on *Lowery v. Alabama Power Co.,* 483 F.3d 1184, (11th Cir. 2007). *See Wood v. Option One Mortgage Corp.*, 580 F.Supp.1248 (N.D. Ala. 2008); *Smith v. Parker*, No. 4:08-CV-901-VEH, 2008 U.S. Dist. LEXIS 87220 (Docs. 10, 11) (N.D. Ala. July 11, 2008); *Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, 2008 U.S. Dist. LEXIS 87067 (Docs. 6, 7) (N.D. Ala. Apr. 23, 2008); *Stanfields v. Fleet Global Services*, No. 2:07-CV-2307-VEH, 2008 U.S. Dist. LEXIS 87227 (Docs. 10, 11) (N.D. Ala. Mar. 11, 2008).

1.    ***Courts in the Eleventh Circuit Can Use Reasonable Deductions, Reasonable Inferences, or Other Reasonable Extrapolations To Determine the Amount in Controversy***

The Eleventh Circuit's decision in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), provides the appropriate framework for this case. However, its discussion of *Lowery* is instructive. In *Pretka*, the court summarized the facts and holding in *Lowery* as follows:

> We concluded in *Lowery* that it would be "impermissible speculation" for a court to hazard a guess on the jurisdictional amount in controversy "without the benefit of any evidence [on] the value of individual claims." 483 F.3d at 1220; *see also id.* at 1214–15 ("If [the defendant's] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." (footnote and citation omitted)); *Miedema*, 450 F.3d at 1332. Because the proper interpretation of *Lowery*'s "impermissible speculation" rule is important, we will explain it in greater detail.
>
> In *Lowery* the defendant, Alabama Power, had attached to its notice of removal copies of the initial complaint and the third amended complaint, but nothing else. 483 F.3d at 1189 & n. 8. Those pleadings offered no specific facts on the amount in controversy. *See id.* at 1219 ("[The third amended] complaint contains neither an *ad damnum* clause indicating the amount of damages sought, *nor any other concrete*

---

(Doc. 7 at 4, n. 1).The plaintiff discusses none of these cases, and none of them dealt with the issue in the instant case. Then, he argues that "rather than determining the amount in controversy at the time of removal, the [d]efendant calculated the amount in controversy based on a totally conjectured trial date a year into the future." (Doc. 7 at 4).

*information* about the value of plaintiffs' claims." (emphasis added)); *see also Lowery v. Honeywell Int'l, Inc.*, 460 F.Supp.2d 1288, 1291 (N.D.Ala. 2006) ("There is nothing in the original complaint to distinguish between a plaintiff who may be claiming severe lung disease from one who may be claiming grit in her grits.").

The notice of removal in *Lowery* contained a conclusory allegation that CAFA's amount-in-controversy requirement had been satisfied, but that was not enough. *See Williams*, 269 F.3d at 1320 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

Recognizing the shortcomings of Alabama Power's notice of removal, the *Lowery* plaintiffs filed a motion to remand. In response, Alabama Power filed a supplement to its notice of removal, pointing out that to reach CAFA's $5 million jurisdictional threshold, each of the 400 plaintiffs' claims would need to put in controversy only $12,500. The supplement argued it was evident more than $5 million was in controversy because plaintiffs in recent mass tort cases in Alabama had received jury verdicts or settlements exceeding that amount. *Lowery*, 483 F.3d at 1189. But the supplement failed to explain the facts of those other tort cases or link them to the facts of the *Lowery* case. *See id.* at 1221 ("Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute—with a record bereft of detail—we cannot possibly ascertain how similar the current action is to those the defendants cite."); *Lowery*, 460 F.Supp.2d at 1299 ("Defendants' hopeful conjecture based on Alabama jury verdicts in cases that may have some similarity to this case, but are not closely similar, do[es] not suffice ....").

We concluded in *Lowery* that Alabama Power's supplement and its additional " 'evidence' "—note the scare quotes—about other mass tort cases told us "nothing about the value of the claims" because the record was "bereft of detail" about whether the plaintiffs' complaint was

similar to those other cases. *Lowery*, 483 F.3d at 1220–21; *see also id.*
("Absent specific detail about the present action, the supplement in no
way clarifies the aggregate value of the claims here."). The record in
*Lowery* contained only "naked pleadings"—no specific factual details,
no discovery, no affidavits or declarations, no testimony, no
interrogatories, and no exhibits other than the complaints. We took pains
to emphasize that fact. Over and over. *See id.* at 1189 n. 8 ("[A]labama
Power cited nothing from such discovery in support of its notice of
removal or in its subsequent argument to the district court ...."); *id.* at
1209 ("naked pleadings"); *id.* at 1210 ("bare pleadings"); *id.* ("a removal
case—like this one—where there is no *evidence* to review"); *id.*
(distinguishing *Lowery* from a case in which counsel admitted certain
jurisdictional facts during oral argument and another case in which the
defendant's employee testified during a pretrial hearing); *id.* ("naked
pleading context"); *id.* ("only the bare pleadings are available"); *id.* at
1210–11 ("We have no evidence before us by which to make any
informed assessment of the amount in controversy."); *id.* at 1213 n. 63
("bare pleadings"); *id.* at 1217 ("[A]labama Power ... has asserted no
factual basis to support federal jurisdiction ...."); *id.* at 1220
(emphasizing that we were "without the benefit of any evidence
[regarding] the value of individual claims").

We stated in *Lowery* that "[t]he absence of factual allegations
pertinent to the existence of jurisdiction is dispositive and, in such
absence, the existence of jurisdiction *should not be divined by looking
to the stars.*" *Id.* at 1215 (emphasis added). On that basis we concluded
that the *Lowery* defendants had failed to establish federal jurisdiction by
a preponderance of the evidence. *See id.* at 1220–21.

*Pretka*, 608 F.3d at 752-53. The court then stated:

*Lowery* did not say, much less purport to hold, that the use of deduction,
inference, or other extrapolation of the amount in controversy is
impermissible, as some district courts have thought. That was not the
question in *Lowery.* Instead, the question was how to apply the
preponderance of the evidence standard in the "fact-free context" of that
particular case. *Id.* at 1209. The answer we gave is that without facts or

9

specific allegations, the amount in controversy could be "divined [only] by looking at the stars"—only through speculation—and*754 that is impermissible. *See id.* at 1209, 1215.

A different question is presented, however, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing. *See Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770–71 (6th Cir.2009) (concluding that the defendant's affidavits were specific enough to prevent the determination of the amount in controversy "from becoming a matter of judicial star-gazing"); *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir.2007) ("An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist." (quotation and other marks omitted)); *cf. Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir.2001) ("Suffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference." (quotation and other marks omitted)).

*Pretka*, 608 F.3d at 753-54. The defendant states that computing back pay damages through the trial date is exactly the type of reasonable deduction, inferences, or other extrapolation which is allowed after *Pretka*. The court agrees.

### 2. *There Is Persuasive Authority from the Eleventh Circuit Court of Appeals Supporting the Method of Calculation Proposed by the Defendant*

The defendant cites *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856 (11th Cir. 2008), for the proposition that "[o]n the specific question of lost wages, the

10

Eleventh Circuit has approved a court's reasonable calculation of back pay damages through a future trial date." (Doc. 10 at 4). Like this case, *Kok* was an AADEA case where, in order to establish that the amount in controversy was satisfied, the defendant "calculated [the plaintiff's] recovery for back pay from the date of his termination to trial to equal $94,963." *Kok*, 274 Fed. Appx. at 857. The Eleventh Circuit noted that the defendant supported this calculation with evidence which established the dollar value of the plaintiff's gross pay and benefits through the first eleven months of the year. *Id.*[8] The Eleventh Circuit then noted that "[t]he district court correctly concluded that [the defendant] established that, at the time of removal, [the plaintiff's] complaint for damages exceeded the amount in controversy required for diversity jurisdiction." *Id.*

> The plaintiff argues
>
> While the *Kok* opinion did state that the defendant opposed "[the plaintiff's motion [to remand] and calculated [the plaintiff's] recovery for back pay from the date of his termination to trial", [sic] this statement is nothing more than a recitation of the defendant's argument in opposition to the motion to remand and is in no way binding authority for such a proposition.

(Doc. 11 at 3). The court does not agree. In reaching its holding, the Eleventh Circuit

---

[8] This part of the *Kok* opinion is confusing since, on the one hand, it states that the defendant calculated damages "to trial" and then, one sentence later, sets out the value of the plaintiff's damages "for the first 11 months of the year." *Kok*, 274 Fed. Appx at 857.

11

explained that the damages in *Kok* were computed through a future trial date <u>and</u> set out the evidence which supported the computation. Further, it cited *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000), a case which holds that back pay should be computed through the date of trial. In order to accept the plaintiff's argument, this court would have to assume that the opinion included all of that information for no reason, and the Eleventh Circuit determined, based on some unstated evidence and reasoning, that the amount in controversy was satisfied. The undersigned declines to make such an assumption. Accordingly, the court finds *Kok* to be persuasive authority[9] for the proposition that back pay, computed up to an anticipated trial date, is an appropriate measure of the amount in controversy for purposes of determining whether subject matter jurisdiction exists.[10]

### 3.   *Post-*<u>Pretka</u> *Authority Supports the Approach Advocated by the Defendant*

No Eleventh Circuit opinion has cited *Kok*. However, all district court cases decided after *Pretka* that the undersigned is aware of have held that, in a removal

---

[9]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[10]The plaintiff argues that this court should look to the facts before Judge Hancock, the district judge in *Kok*. He contends that doing so would show that "at the time the notice of removal was filed, the actual amount in controversy had already exceeded the $75,000.00 threshold." (Doc. 11 at 3-4). He contends that those facts explain why the Eleventh Circuit reached the decision it did. The court will not look outside the opinion to try to read the mind of the Eleventh Circuit panel which decided *Kok*.

context, back pay should be computed up to an anticipated date of trial for purposes of determining whether or not the amount in controversy requirement has been met.

The court is aware of two pre-*Pretka* district court decisions holding to the contrary. However, those cases are not persuasive, as they rely on *Lowery* as that case was understood prior to *Pretka*. In the first of these cases, *Snead v. AAR Mfg., Inc.*, 809-CV-1733-T-30EAJ, 2009 WL 3242013 (M.D. Fla. Oct. 6, 2009) (Moody, J.), Judge Moody cited *Lowery*'s statement that "[t]he defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." *Snead,* 2009 WL 3242013 at *2 (citing Lowery* at 1215). He then found that the amount in controversy "cannot be satisfied by speculation as to the amount of damages through the date of trial," writing "[t]he cases [d]efendant relies upon to support its argument that the damages can be calculated through the date of trial were decided prior to *Lowery,* which drastically changed the analysis of removal." *Id.* at *3. Then, in a footnote, Judge Moody found *Kok* to be unpersuasive, noting that it did not cite to *Lowery*, "and the issue on review [in *Kok*] was decided by the district court prior to *Lowery*." *Id.* at *3 n. 2. Similarly, in *Brown v. Am. Exp. Co., Inc.*, 09-61758-CIV, 2010 WL 527756 (S.D. Fla. Feb. 10, 2010) (Seltzer, M.J.)., citing and discussing *Snead*, the court wrote "[t]he *Kok* decision . . . is unpublished and, as such, is not binding on this Court."*Brown*, 2010

13

WL 527756 at *4.

Interestingly, Judge Moody, the author of the *Snead* decision, which was quoted by *Brown*, has, <u>post</u>-*Pretka*, computed back pay through an "estimated" trial date, for the purpose of determining that the amount in controversy exceeds the jurisdictional minimum. In *Cashman v. Host Int'l, Inc.*, 8:10-CV-1197-T-30MAP, 2010 WL 4659399 (M.D. Fla. Nov. 9, 2010), Judge Moody addressed the plaintiff's argument that doing so "would be engaging in impermissible speculation prohibited under *Lowery*." *Cashman*, 2010 WL 4659399 at * 2. He wrote:

> [I]n *Pretka,* the Eleventh Circuit clarified that *Lowery* was a "fact-free" case, in which there was no "concrete information" regarding the value of the claims. *Pretka,* 608 F.3d at 752 (quoting *Lowery,* 483 F.3d at 1219). "But *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible." *Id.* at 753.
>
> Here, [the defendant] has provided uncontroverted concrete information which supports its calculation of the amount in controversy at the time of removal. Consideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation. It is, instead, extrapolation of the submitted evidence, which is permitted under *Pretka.*

*Id.; see also, Sheehan v. Westcare Found., Inc.*, 8:12-CV-2544-T-33TBM, 2013 WL 247143 at *3 (M.D. Fla. Jan. 23, 2013) (Hernandez Covington, J.) ("The Court agrees with the reasoning in *Cashman* and, accordingly, rejects [the] argument that the

14

amount of back pay damages in this case are impermissibly speculative.").

Similarly, in *Morgan v. Sears, Roebuck, & Co.*, 12-60055-CIV, 2012 WL 2523692 * 2 (S.D. Fla. June 29, 2012), the court considered back pay up to the date of trial, writing:

> In opposing the use of this trial date, Plaintiffs point to cases that rely upon *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir.2007). (Mot. at 5–6.) However, in *Pretka,* the Court stated that "*Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible" for purposes of establishing the amount in controversy. *Pretka,* 608 F.3d at 753; *see also Roe,* 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")

*See, also, Chase v. Ace Hardware Corp.*, CIV.A. 13-0077-KD-M, 2013 WL 1788496 at *2 (S.D. Ala. Apr. 10, 2013) (Milling M.J.) *report and recommendation adopted*, CIV.A. 13-00077-KD, 2013 WL 1788023 (S.D. Ala. Apr. 26, 2013) (rejecting *Snead* and following recent cases in finding that "calculating back pay from the date a claimant was terminated until the date of trial to be a more accurate reflection of those damages than calculating them, as Plaintiff had suggested, to the date of removal."); *Leslie v. Conseco Life Ins. Co.*, 11-81035-CIV-MARRA, 2012 WL 4049965 (S.D. Fla. Sept. 13, 2012) (Marra, J.) (citing *Cashman*); *Penalver v. N. Elec., Inc.*, 12-80188-CIV, 2012 WL 1317621 at *2 (S.D. Fla. Apr. 17, 2012) (Cohn, J.) ("[B]ack

pay should be calculated from the date of the adverse employment action until the date of trial."); *Morris v. Plant Performance Servs., LLC*, 5:11-CV-350/RS-EMT, 2011 WL 6203497 at *1 (N.D. Fla. Dec. 13, 2011) (Smoak, J.) (same) (citing *Fusca v. Victoria's Secret Stores, LLC*, 2011 U.S. Dist LEXIS 98194 (M.D. Fla. 2011)).

In sum, all Eleventh Circuit district court decisions that the undersigned is aware of and that have considered this issue post-*Pretka* have determined that back pay should be computed through an estimated trial date in order to determine whether the requisite amount in controversy has been shown for purposes of subject matter jurisdiction. This court is persuaded by that fact, the rationale of the post-*Pretka* district court opinions cited above, and the Eleventh Circuit's opinion in *Kok*.

## III.   CONCLUSION

For the foregoing reasons, the court determines that the amount in controversy requirement has been met. The motion to remand is **DENIED.**

**DONE** and **ORDERED** this 23rd day of April, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16